UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 10-CR-304-L |
| Plaintiff, | ) ) ) | **ORDER DENYING MOTION FOR** |
| v. | ) | **REDUCTION OF SENTENCE** |
| JOSE MEZA-GUERRERO, | ) ) ) | |
| Respondent. | ) ) | |

On February 27, 2012, Petitioner Jose Meza-Guerrero ("Petitioner"), proceeding *pro se*, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c).[1] Petitioner argues that the Court failed to consider him for a "fast track" departure. He states that the Department of Justice has a new policy regarding the fast track program, and therefore argues that the Court should take this new policy into account and reduce his sentence.

The Court has reviewed the record in this case and finds that Petitioner's motion should be denied. On February 11, 2010, Petitioner pled guilty to a one-count information charging him with Attempted Entry After Deportation in violation of 8 U.S.C. § 1326(a) and (b). The plea

---

[1] Petitioner erroneously brings his motion pursuant to § 3553(a)(5), which sets forth the factors a court must consider in imposing a sentence. The Court will construe Petitioner's motion as being brought under 18 U.S.C. §3582(c), which governs modification of an imposed term of imprisonment.

agreement called for a 2-level departure based on Fast Track under USSG § 5K3.1. (Plea Agreement, ¶ 4.) The Court followed the plea agreement and did, in fact, grant a 2-level departure for Fast-Track. Applying the advisory Guidelines in effect at the time of Petitioner's sentencing, the Court determined the advisory range was 37-46 months based on an offense level of 19 and a criminal history category of III. After considering *all* the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 37 months of imprisonment.

Accordingly, Petitioner's Motion to Reduce Sentence is **DENIED.**

**IT IS SO ORDERED.**

DATED: March 15, 2012

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER